IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

BRITTAIN L. BROOKS,
ROBERT MURRAY,

    Plaintiffs,

vs.

LINDSEY R. BROOKS,
ALICE SMITH,
WILLIAM GENTRY,
HON. P. NICHOLAS PRIMM, in his
Official capacity as an elected Judge in
Jackson County, Georgia,
HON. D. VICTORY REYNOLDS, in
his Official capacity as an elected
Judge in Cobb County, Georgia,
CHRISTOPHER CARR, in his
Official capacity as Attorney
General of the State of Georgia,

    Defendants

CIVIL ACTION FILE
NO.

---

## PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes Now, Plaintiffs, Brittain L. Brooks ("Plaintiff Brooks"), and Robert Murray ("Plaintiff Murray"), by and through the undersigned counsel, and hereby files this Complaint against Defendants, Lindsey R. Brooks, Alice Smith, William Gentry, Honorable P. Nicholas Primm, Honorable Victory Reynolds, and Christopher Carr (collectively "Defendants").

## INTRODUCTION

Plaintiffs seek declaratory and injunctive relief against Defendants' enforcement of a state statute enacted by the State of Georgia. Plaintiffs seek this relief upon the theory that the state statute violates the United States Constitution, both on its face and as applied to Plaintiffs.

## PARTIES

1.

Plaintiff Brooks is a resident of the State of Georgia.

2.

Plaintiff Murray is a resident of the State of Georgia.

3.

Defendant, Lindsey Brooks ("Defendant Brooks") is a resident of Jackson County, Georgia. Defendant Brooks may be personally served at her place of residence, *to wit*: 945 Mountain Crest Way, Hoschton, Georgia 30548.

4.

Defendant P. Nicholas Primm ("Defendant Primm") is a dully elected Jackson County Superior Court Judge. Defendant Primm may be personally served at his chambers, *to wit*: 5000 Jackson Parkway, Jefferson, Georgia 30549.

5.

Defendant Alice Smith ("Defendant Smith") is a resident of Cobb County,

Georgia.  Defendant Smith may be personally served at her place of residence, *to wit*: 3399 Elm Creek Drive, Marietta, Georgia 30064.

6.

Defendant William Gentry ("Defendant Gentry") is a resident of Cobb County, Georgia.  Defendant Gentry may be personally served at his place of residence, *to wit*: 254 Roswell Street, Marietta, Georgia 30060.

7.

Defendant Victory Reynolds ("Defendant Reynolds") is a duly elected Cobb County Superior Court Judge.  Defendant Reynolds may be personally served at his chambers, *to wit*: 70 Haynes Street, 6th Floor, Marietta, Georgia 30090.

8.

Defendant Christopher Carr ("Defendant Carr") is the elected Attorney General for the State of Georgia.  Defendant Carr may be personally served at the Office of the Attorney General, 40 Capitol Square, SW Atlanta, Georgia 30334.

**JURISDICTION**

9.

Plaintiffs invoke this Court's federal question jurisdiction conferred by 28 U.S.C. § 1331. this Court also has jurisdiction under 28 U.S.C. § 1343(a)(4). Additionally, this Court has subject matter jurisdiction because the relief described above is sought pursuant to the federal Civil Rights Act, 42 U.S.C. § 1983, seeks to

redress the deprivation of rights, privileges or immunities secured by the United States Constitution and federal laws, under the color of laws, ordinances, regulations, customs, and usages of the State of Georgia.

10.

Because this Court has jurisdiction to address the controversy before it, 28 U.S.C. § 2201 grants the Court authority to declare the rights of the parties before it; 28 U.S.C. § 2202 authorizes the Court to grant such further relief, including injunctive relief, as the Court deems necessary or proper.

11.

Plaintiffs are asserting  rights arising under various guarantees and protections of the United States Constitution. Accordingly, to that extent, such claims are also asserted under 42 U.S.C. § 1983. Pursuant to the Supreme Court's ruling in *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997), this Court has direct and original jurisdiction over such claims, even though they seek a type of relief identified under the provisions of a state procedural statute.

12.

Venue is proper pursuant to 28 U.S.C. § 1391.

## COLOR OF LAW

13.

Plaintiff Brooks is informed and believes and thereupon alleges that, at all times relevant to this action, Defendant Primm was acting in the scope of his employment and all acts were conducted under the color of laws of the State of Georgia, and all such conduct constitutes "state action" within the meaning of 42 U.S.C. § 1983.

14.

Plaintiff Murray is informed and believes and thereupon alleges that, at all times relevant to this action, Defendant Reynolds was acting in the scope of his employment and all acts were conducted under the color of laws of the State of Georgia, and all such conduct constitutes "state action" within the meaning of 42 U.S.C. § 1983.

15.

The State of Georgia, by and through its legislature, was acting under the color of law in the enactment of the statute that violates the civil rights of the Plaintiffs and all such conduct constitutes "state action" within the meaning of 42 U.S.C. § 1983.

16.

Plaintiffs   allege facts and bring claims below for violations of their

respective first amendment right to petition the Courts, associate with counsel, and familial relations. Plaintiffs further bring federal claims for violations of their respective due process and equal protection rights under the law and for unlawful taking without just compensation.

## RELEVANT FACTS

### 17.

Plaintiff Brooks was Ordered to pay $15,000.00 in attorney's fees under O.C.G.A. § 19-9-3(g) for a child custody modification that involved one (1) temporary hearing and one day of trial.

### 18.

Plaintiff Murray was Ordered to pay $100,000.00 in attorney fees under OCGA § 19-9-3(g) for a child case that involved one temporary hearing, a mediation, a judicially hosted settlement conference, and two (2) days of trial. .

### 19.

Prior to January 1, 2008, a noncustodial parent could not be required to pay the attorneys fees for a custody modification case in the State of Georgia. In Interest of S.K.R., 229, Ga. App. 652 (1997)(""Georgia courts have repeatedly held that attorney fees are not recoverable in an action where the noncustodial parent seeks a change of custody.).

20.

This law was all abrogated by statute in 2007-2008 HB 369, which introduced O.C.G.A. § 19-9-3(g) and made it effective for all custody and modification cases filed after January 1, 2008.   There is no policy discussion in House Bill either; just a recitation that the Georgia legislature was adding attorneys fees to these types of cases.

21.

O.C.G.A. § 19-9-3(g) states:

> Except as provided in Code Section 19-6-2... the judge may order reasonable attorney's fees and expenses of litigation, experts, ... and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge. Attorney's fees may be awarded at both the temporary hearing and the final hearing. A final judgment shall include the amount granted, whether the grant is in full or on account....

22.

Plaintiff Brooks filed his Complaint for Modification of Custody, Parenting Time, and Child Support and Application for Citation for Contempt on September 14, 2021 in the Superior Court of Oglethorpe County.   This action was later transferred to the Superior Court of Jackson County, Civil Action File No 22CV0654. The case was assigned to the Defendant Primm. Plaintiff sought joint legal and physical custody of his biological child.

23.

Defendant Brooks filed her Motion to Reopen and Compel Discovery and For an Award of Attorney's Fees and Expenses of Litigation on September 21, 2022.

24.

Plaintiff filed his Motion to Invoke Constitutional Protections of Parental Rights with the trial court on May 22, 2023.

25.

The trial court conducted a final hearing and entered its Final Order on November 1, 2023.   The trial court granted Defendant Brooks an award of attorney's fees pursuant to O.C.G.A. § 19-9-3(g).   The trial court denied the Motion to Invoke Constitutional Protections of Parental Rights without analysis or explanation, other than to say that the motion "would have been more properly filed and argued in the parties' divorce wherein an initial determination of custody was being made."

26.

Plaintiff filed an appeal with the Court of Appeals for the State of Georgia. The Georgia Court of Appeals affirmed the Final Order pursuant to Georgia Court of Appeals Rule 36, which permits that court to affirm a decision of a trial court without explanation – even when, as in this case, the trial court's decision similarly

fails to provide explanation for its ruling on the Motion to Invoke Constitutional Protections of Parental Rights. Remittitur was entered on the record on July 3, 2024.

27.

Plaintiff Murray filed his Petition for Legitimation, Child Custody, and Support on June 12, 2019 in the Superior Court of Cobb County, 1Civil Action File 19-1-04306. Plaintiff Murray sought joint legal and physical custody of the parties' minor child. The case was initially assigned to Judge Ann B. Harris, but was transferred to Defendant Reynolds after it was discussed that Judge Harris' staff attorney had been employed by Defendant Gentry's law firm and billed for work on the Murray v. Smith legitimation case.

28.

The Final Order was entered in the Murray v. Smith case on July 8, 2021. Plaintiff filed an appeal of the Final Order in the Court of Appeals, State of Georgia. The trial court's decision was affirmed, in part, and reversed, in part, with instructions on remand. Remittitur was returned to the trial court on May 23, 2023.

29.

The trial court entered its Final Order on August 30, 2023 without reserving the issue of attorney's fees. On September 22, 2023, Plaintiff Murray filed his

Notice of Appeal with the trial court.

30.

On June 20, 2024, Defendant Smith, through Defendant Gentry, filed her Motion for New Trial with the trial court seeking a new trial in order to address Plaintiff Murray's response in opposition to Defendant Smith's Motion for Attorney's Fees. Specifically, Plaintiff Murray contended that the trial court lacked the authority to award attorney's fees because the Final Order did not reserve them.

31.

Plaintiff Murray filed his Motion to Declare O.C.G.A. § 19-9-3(g) Unconstitutional in the Murray v. Smith matter.

32.

Defendant Reynolds entered an Order declaring O.C.G.A. § 19-9-3(g) to be constitutional.

33.

Plaintiff Murray filed his Application for Discretionary Appeal with the Supreme Court of Georgia. The Georgia Supreme Court denied the Application without explanation. Plaintiff Murray's Motion for Reconsideration was likewise denied on July 2, 2024.

**COUNT ONE – REQUST FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS FOR VIOLATION OF U.S. CONST. AMEND. XIV DUE PROCESS (INTERFERENCE WITH ATTORNEY-CLIENT RELATIONSHIP AND RIGHT TO COUNSEL), AND 42 U.S.C. § 1983**

34.

Plaintiffs hereby incorporate by this reference all of the factual allegations of this complaint as though separately set forth and pled in full in this cause of action.

35.

O.C.G.A. 19-9-3(g)  permits a trial court to make a party  financially liable for the opposing party's attorney's fees and costs without any regard to which party has prevailed, the good faith or lack thereof of each party in either bringing or defending the action, the relative financial circumstances of the parties, the need of each party to access the court system in order to pursue or maintain a meaningful relationship with their children, and so on.  Put simply, this statute imbues a trial court judge with breathtaking power to shift fees and costs from one party to the other party's attorney for any reason whatsoever or for no reason at all, so long as the trial court finds, in its broad discretion, that the fees and costs are "reasonable."

36.

The virtually limitless and unpredictable nature of this fee-shifting power makes it impossible for  parents to budget to acquire counsel of their choosing in family cases.  Such parents are in the position of having no idea what they can

afford to pay their own attorney because, even at the outset, they have no way of determining what they will ultimately be required to pay for the other party's attorney. Adding insult to injury, the other party has complete control over how pricey this attorney will be, and what sorts of billing practices this attorney may employ.

37.

In our ordered system of civil justice, all constitutional rights are ultimately protected by the First Amendment right to identify unconstitutional infringements and seek relief from the courts. "The right to petition is in some sense the source of other fundamental rights, for petitions have provided a vital means for citizens to request recognition of new rights and to assert existing rights against the sovereign." Borough of Duryea v. Guarnieri, 564 U.S. 379, 397 (2011)

38.

"[P]ersons ... have the right to petition the Government for redress of grievances which, of course, includes 'access ... to the courts for the purpose of presenting their complaints.' " *Cruz v. Beto*, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (citations omitted).

39.

Long ago, the Supreme Court recognized that maintaining the courts as a setting to resolve questions about defective laws is necessary for a peaceful

society. The Court said,

> [t]he right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship .... Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the Federal Constitution.

Chambers v. Baltimore Ohio R.R, 207 U.S. 142, 148 (1907).

40.

As illustrated above, a parent's constitutional right to assert or defend that parent's fundamental parental rights in court, as well as that parent's right to counsel in this endeavor, is chilled to the bone by O.C.G.A. 19-9-3(g).  The State of Georgia has granted its trial court judges unguided, unchanneled, unchecked, and nearly limitless power to shift fees in non-divorce custody disputes.  Because there is no legislative guidance directing judges on the proper use of this power, parents have absolutely no way of predicting whether or how it will be used with regard to their own situations prior to "su[ing] and defend[ing] in the courts [as an] alternative [to] force."  Id. at 148.  Defendants are thus propagating customs, policies, and practices that deprive Georgia residents, including Plaintiff, of their constitutional right to counsel and their right to have their attorney-client relationships not disrupted by the government, as guaranteed by the Fourteenth

Amendment.  Worse, by chilling access to the courts for a peaceful redress of grievances, Defendants are effectively encouraging the only other alternative for the resolution of such disputes — the use of force.

41.

Defendants cannot satisfy their burden to justify these customs, policies, and practices that violate due process.

42.

Plaintiffs are thus entitled to declaratory and injunctive relief against such unconstitutional customs, policies, and practices.

**COUNT TWO – DECLARATORY AND INJUNCTIVE RELIEF DUE TO AN UNCONSTITUTIONAL INFRINGEMENT ON A PARENT'S INHERENT RIGHT AND LIBERTY INTEREST IN RAISING A CHILD FREE FROM STATE INTERFERENCE**

43.

Plaintiffs hereby incorporate by this reference all of the factual allegations of this complaint as though separately set forth and pled in full in this cause of action.

44.

O.C.G.A. § 19-9-3(g) is an unconstitutional infringement on a parent's inherent right and liberty interest in raising his child through a fee-shifting imposition of attorney's fees. O.C.G.A. § 19-9-3(g) provides in pertinent part that:

> Except as provided in Code Section 19-6-2… the judge may order reasonable attorney's fees and expenses of litigation, experts, … and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge. Attorney's fees may be awarded at both the temporary hearing and the final hearing. A final judgment shall include the amount granted, whether the grant is in full or on account.…

45.

The provision under O.C.G.A. § 19-9-3(g) lacks well-defined standards or guidance, in fact it provides no guidance, rendering it devoid of legislative intent and susceptible to limitless interpretation and implementation.

46.

Notably, unlike other attorney fees statutes found in Georgia code, O.C.G.A. § 19-9-3(g) does not mandate a prevailing party, consideration of the financial circumstances of the parties, alignment with the interests of justice, or any specific wrongdoing by the party against whom fees are awarded. The sole requirement is that fees be deemed "reasonable" and paid by the parties as determined by the judge.

47.

The language employed in OCGA § 19-9-3(g), can be characterized as "worded in a standardless way that invites arbitrary enforcement," and, thus, poses a constitutional concern, specifically constitutional vagueness (U.S. Const. amend.

XIV, § 1, cl. 7, subcl. 3).

48.

As established by precedent, continually vague statutes infringe upon due process by failing to provide adequate notice of prohibitive conduct (Johnson v United States, 576 U.S. 591 (2015)) and contravene nondelegation and rule-of-law constraints by entrusting lawmaking responsibilities to non-legislative actors, which includes judges (Kolender v Lawson, 461 U.S. 352, 358 (1983), quoting Smith v Goguen, 415 U.S. 566, 575 (1974)).

49.

Despite the absence of legislative guidance, the statute is incompatible with established First Amendment doctrines safeguarding freedom of intimate association, freedom of speech, and access to the courts.

50.

In child custody cases, where both parents hold equal standing and there is no prima facie right to custody for either parent (OCGA § 19-9-3(a)(1)), each parent has the right to advocate for their position without fear of censorship. The arbitrary imposition of fees on one party over the other constitutes governmental censorship, and violates Supreme Court decisions that prohibit penalties and burdens on individuals for utilizing litigation as a means of communicating useful information to the public.   See, e.g.,   (The Supreme Court and the First

Amendment Right to Petition the Government for a Redress of Grievances, 20, L.

Ed. 2d 914 (1973)).

51.

Moreover, fee assessments that disproportionately affect one parent over the

other raise concerns about judicial bias. The subjective nature of determining fee

awards places judges in a precarious position, susceptible to the influence of

personal biases or attitudes toward the involved parties or their attorneys.

52.

Accordingly, the lack of well-defined standards in O.C.G.A. § 19-9-3(g)

impermissibly places unfettered discretion in the hands of the judge. Papachristou

v. Cty. of Jacksonville, 405 U.S. 156 (1972).   To prevent arbitrary and

discriminatory enforcement, laws must provide explicit standards for those who

apply them. Grayned, 408 U.S. at 104.

53.

The United States Supreme Court has stated that "[p]erhaps the most

important factor affecting the clarity that the Constitution demands of a law is

whether it threatens to inhibit the exercise of constitutionally protected rights."

Vill. Of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499

(1982).  Furthermore, [Th]he Fourteenth Amendment forbids the government to

infringe…fundamental liberty interests at all, no matter what process is provided,

unless the infringement is narrowly tailored to serve a compelling state interest."

Washington v. Gluksberg, 521 U.S. 702, 721 (1997) (quotations and citations

omitted.).

54.

Given the considerations outlined above, OCGA § 19-9-3(g) does not pass

Constitutional muster for three reasons.  First, O.C.G.A. § 19-9-3(g) is void for

vagueness.  Second, O.C.G.A. § 19-9-3(g) is unconstitutional because it exposes

parties to potential deprivation of liberty without due process and is arbitrary

allowing Judges to award attorney's fees without any consideration of other factors

such as the financial condition of the parties.  Third,  O.C.G.A. § 19-9-3(g) does

not withstand strict scrutiny.

55.

O.C.G.A. § 19-9-3(g) is vague, fails to avoid arbitrary enforcement, and is

unconstitutional. The "void for vagueness" doctrine requires that a statute provide a

person of ordinary intelligence notice of the conduct prohibited and provide

enough specificity so as not to encourage arbitrary and discriminatory

enforcement. Kolender v. Lawson, 461 U.S. 352, 357 (1983); Price v. St., 253 Ga.

250 (1984); Izzo v. St., 257 Ga. 109, 110, (1987).  Failure to satisfy either prong of

the doctrine is sufficient to render a statute unconstitutional. Smith v. Goguen, 415

U.S. 566, 574 (1974).

56.

The statute fails the vagueness test for two reasons.  First, the statute fails under the first prong of the test which pertains to providing fair notice.  Second, the state fails under the second prong of the test by failing to set forth legislative intent.

57.

A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Grayned, 408 U.S. at 104; *see also* Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1311 (11th Cir. 2009) stating that a law is unconstitutionally vague "if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case" (quoting Giaccio v. Pennsylvania, 382 U.S. 399, 402–03 (1966).

58.

OCGA § 19-9-3(g) being "standardless" actually authorizes or encourages discriminatory enforcement. Skilling v. U.S., 561 U.S. 358, (2010).  The sole dictate in O.C.G.A. § 19-9-3(g), is that fees be deemed "reasonable" and be paid by the parties as determined by the judge. The subjective nature of determining fee

awards places judges in a precarious position, susceptible to the influence of personal biases or attitudes toward the involved parties or their attorneys. Accordingly, the lack of well-defined standards in O.C.G.A. § 19-9-3(g) impermissibly places unfettered discretion in the hands of the judge. Papachristou v. Cty. of Jacksonville, 405 U.S. 156, (1972).   To prevent arbitrary and discriminatory enforcement, laws must provide explicit standards for those who apply them. Grayned, 408 U.S. at 104.

59.

O.C.G.A. § 19-9-3(g) does not withstand strict scrutiny. In order to withstand strict scrutiny, the government action must be (1) narrowly tailored to accomplish (2) a compelling state interest while using (3) the least restrictive means available to do so.  "Under strict scrutiny, the government must adopt the *least restrictive means* of achieving a *compelling state interest . . . .*" Ams. for Prosperity Found. v. Bonta, 141 S. Ct. 2373, 2383 (2021) (emphasis supplied and quotations and citations omitted).

60.

"To satisfy strict scrutiny, government action must advance interests of the highest order and must be *narrowly tailored* in pursuit of those interests." Carson v. Makin, 142 S. Ct. 1987, 1997 (2022) (emphasis supplied).  "[S]trict scrutiny demands more than supposition. The State must prove with evidence that its rules

are narrowly tailored to advance a compelling state interest . . . ." <u>Mast v. Fillmore</u>

<u>Cnty.,</u> 141 S. Ct. 2430, 2433 (2021).

61.

The Supreme Court of the United States has long held that the actions of

*judicial* authorities and of the results of *judicial* proceedings constitute state action

for the purposes of constitutional review.

> In the Civil Rights Cases, 109 U.S. 3, 11, 17 (1883),
> this Court pointed out that the [Fourteenth]
> Amendment makes void "State action of every
> kind" which is inconsistent with the guaranties
> therein contained, and extends to manifestations of
> "State authority in the shape of laws, customs, or
> judicial or executive proceedings." Language to like
> effect is employed no less than eighteen times
> during the course of that opinion.

<u>Shelley v. Kraemer</u>, 334 U.S. 1, 14-15 (1948).   "The federal guaranty of due

process extends to state action through its judicial as well as through its legislative,

executive or administrative branch of government." <u>Brinkerhoff-Faris Co. v. Hill</u>,

281 U.S. 673, 680 (1930).

62.

In determining whether the statute withstands strict scrunity, the courts have

established a facial and "as-applied challenge."   While O.C.G.A. § 19-9-3(g) can

be attacked facially, most notably that it involves First Amendment rights, the

present case also serves as a tangible manifestation that the statute fails an as-

applie6d challenge.

63.

Plaintiffs seek a declaration that O.C.G.A. § 19-9-3 is an unconstitutional infringement that does not meet strict constitutional standards and an injunction on the enforcement of said provision against them.

## COUNT THREE - VIOLATION OF PLAINTIFFS' RIGHT TO EQUAL PROTECTION OF THE LAW

64.

Plaintiffs hereby re-alleges and incorporate by reference the allegations in the foregoing paragraphs as if set forth fully herein.

65.

Under O.C.G.A. 19-9-3 (g) a party may become financially liable not only for his own attorney fees but also for the attorney fees of the other party for any reason whatsoever upon determination by the Trial Court.

66.

The State of Georgia therefore discriminates against parties litigating family law cases, treating them very differently from other litigants who seek to vindicate any other right before the Court.

67.

While family law litigants are not a recognized protected class, federal caselaw has long "recognized successful equal protection claims brought by a

'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

68.

There is no rational basis for disparate treatment of litigants based on the mere fact that they are litigating a child custody matter and because of that, O.C.G.A. 19-9-3(g) violates Plaintiffs' rights to Equal Protection under the Fourteenth Amendment.

69.

Defendants are thus propagating customs, policies, and practices that deprive Georgia residents, including Plaintiff, of their right to equal protection, as guaranteed by the Fourteenth Amendment.

70.

Defendants cannot satisfy their burden to justify these customs, policies, and practices that violate equal protection.

71.

Plaintiffs are thus entitled to declaratory and injunctive relief against such unconstitutional customs, policies, and practices.

## COUNT FOUR - THIS COURT SHOULD ENJOIN ENFORCEMENT OF THE UNCONSTITUTIONAL STATUTE O.C.G.A. 19-9-3 (g).

72.

Plaintiffs hereby incorporate by this reference all of the factual allegations of this complaint as though separately set forth and pled in full in this cause of action.

73.

Pursuant to 42 U.S.C. § 1983, plaintiff seeks a declaration that O.C.G.A. § 19-9-3(g) is, in its entirety, facially unconstitutional, null and void, in violation of the free speech guarantees of the state and federal constitutions, and an injunction permanently preventing its enforcement against plaintiff.

74.

This alternatively pled relief is based upon grounds including, but not limited to, the following:

a) As construed and applied by defendant, O.C.G.A. § 19-9-3(g) is invalid on its face, because it is vague, violative of Plaintiff's first amendment rights, does not place the Plaintiff on notice as to the conduct to avoid and places entirely too much discretion in the hands of the Trial Judge;

b) Even apart from its application in this particular case, O.C.G.A. § 19-9-3(g) is facially unconstitutional, acting as an impermissible restraint on protected First Amendment freedoms.

75.

By virtue of its threat to enforce its unconstitutional fee shifting law against Plaintiffs, they has been substantially harmed and has suffered significant

monetary damages as a result.

76.

Plaintiffs further allege that the only way for it to achieve a damages award providing full vindication for the losses they have suffered, and the only way to have an enforceable constitutional remedy for the losses occasioned by the State's unlawful actions, is that its damages claim be severed from its injunctive and declaratory claims as requested above, and that such relief, being indispensable to full vindication of its constitutional rights, is a constitutionally compelled remedy.

77.

Pursuant to 42 U.S.C. § 1983, Plaintiffs seek a declaration that O.C.G.A. § 19-9-3(g) is unconstitutional as it was applied to plaintiff herein, as well as an order compelling the State of Georgia to halt enforcement of said law.

## COUNT FIVE - O.C.G.A. 19-9-3 IS AN UNLAWFUL TAKING IN VIOLATION OF THE FIFTH AMENDMENT

78.

Plaintiffs incorporate by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

79.

O.C.G.A. 19-9-3(ga) is an unconstitutional regulatory taking of Plaintiffs' Property, without just compensation, and in violation of the Fifth Amendment to the U.S. Constitution takings clause as incorporated under the Fourteenth

Amendment.

80.

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." (U.S. Const. Amend. V).

## COUNT SIX - DEPRIVATION OF LIBERTY AND PROPERTY IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE (42 U.S.C. § 1983).

81.

Plaintiffs incorporate by reference and re-alleges each and every allegation set forth in all preceding paragraphs as if fully set forth herein.

82.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall… deprive any person of life, liberty, or property, without due process of law."

83.

O.C.G.A. 19-9-3(g) failed (and fails) to provide sufficient notice of which actions will potentially subject Plaintiffs to the civil and/or criminal penalties it seeks to apply.

84.

Where the financial cost is too high to enable a person to access the courts,

there is a violation of Due Process and Equal Protection, as well. Due Process requires that a citizen be able to be heard in court.

85.

Without this guarantee that one may not be deprived of his rights, neither liberty nor property, without due process of law, the State's monopoly over techniques for binding conflict resolution could hardly be said to be acceptable under our scheme of things. Only by providing that the social enforcement mechanism must function strictly within these bounds can we hope to maintain an ordered society that is also just. It is upon this premise that this Court has through years of adjudication put flesh upon the due process principle. *Boddie v. Connecticut*, 401 U.S. 371, 375 (1971). Laws like O.C.G.A. § 19-9-3(g) that exact an unaffordable price to be heard in a court of law are intolerable.

86.

Courts are the central dispute-settling institutions in our society. They are bound to do equal justice under law, to rich and poor alike. They fail to perform their function in accordance with the Equal Protection Clause if they shut their doors to indigent plaintiffs altogether. Where money determines not merely "the kind of trial a man gets," but whether he gets into court at all, the great principle of equal protection becomes a mockery. *Id.* at 388-89, 91 S.Ct. 780 (Brennan, J, concurring) (citations omitted). Without meaningful access to the courts to

peacefully resolve questions about the validity of state laws, frustrated citizens are left to civil disobedience or self-help, neither of which bodes well. *Chambers* and *Boddie* were concerned with the cost of getting into court, but the principle is equally applicable to the cost of leaving court.

87.

No reasonable person could reasonably ascertain what behavior may subject them to fines under O.C.G.A. 19-9-3(g) other than exercising their right to utilize the Court system.

88.

Plaintiffs respectfully seek a declaration that OCGA 19-9-3 (g) violated (and violates) the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

89.

As a proximate result of the acts of Defendants, Plaintiffs have suffered and will continue to suffer extreme hardship and damages, which damages include violation of its constitutional rights, loss of income and other expenses and hardship associated with this litigation.

90.

Plaintiffs' Specific Prayers for Relief:

a) Plaintiffs request that this court issue a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, that O.C.G.A. 19-9-3(g) violates the

Due Process Clause of the Fourteenth Amendment to the U.S. Constitution as applied to Plaintiffs because it fails to provide fair notice of what the law requires;

b) Plaintiffs request that this court issue a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, that O.C.G.A. 19-9-3(g) violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution as applied to Plaintiffs;

c) Plaintiffs request that this court issue a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, that the enforcement of O.C.G.A. 19-9-3(g) is unconstitutional taking without just compensation, under the Fifth and Fourteenth Amendments of the U.S. Constitution;

d) Plaintiff Brooks seeks an injunction enter against Defendant Brooks from attempting enforcement and/or collection on the award of attorney's entered against Plaintiff Brooks;

e) Plaintiff Brooks seeks an injunction enter against Defendant Primm from attempting enforcement and/or collection on the award of attorney's fees entered against Plaintiff Brooks;

f) Plaintiff Murray seeks an injunction enter against Defendant Smith from attempting enforcement and/or collection on the award of attorney's entered against Plaintiff Murray;

g) Plaintiff Murray seeks an injunction enter against Defendant Gentry from attempting enforcement and/or collection on the award of attorney's entered against Plaintiff Murray; and

h) Plaintiff Murray seeks an injunction enter against Defendant Reynolds from attempting enforcement and/or collection on the award of attorney's entered against Plaintiff Murray.

This submission was prepared using Times New Roman point font in compliance with L. R. 5.1(C).

Respectfully Submitted this 25th day of September, 2024.

Rebecca W. McLaws
Georgia Bar No. 350156
Attorney for Plaintiffs

3745 Cherokee St NW, Suite 205
Kennesaw, Georgia 30144
(770) 406-6624 (office)
rebecca@mclawslawgroup.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

BRITTAIN L. BROOKS
ROBERT MURRAY,

     Plaintiff,

vs.

                                  CIVIL ACTION FILE
                                  NO.

LINDSEY R. BROOKS;
ALICE SMITH;
WILLIAM GENTRY;
HON. P. NICHOLAS PRIMM, in his
Official capacity as an elected Judge in
Jackson County, Georgia;
HON. VICTOR REYNOLDS, in his
Official capacity as an elected Judge
in Cobb County, Georgia;
CHRISTOPHER CARR, in his
Official capacity as Attorney
General of the State of Georgia,

     Defendants

## **VERIFICATION**

     COMES NOW, Plaintiff, Brittan Brooks, and swears and affirms that he has reviewed the Complaint for Injunctive and Declaratory Relief and the information contained therein is true and correct to the best of his ability.

This 23rd day of September, 2024

                                          Brittan Brooks

Sworn and subscribed before me
this 23 day of September, 2024.

Notary Public

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

BRITTAIN L. BROOKS
ROBERT MURRAY,

    Plaintiff,

vs.

LINDSEY R. BROOKS;
ALICE SMITH;
WILLIAM GENTRY;
HON. P. NICHOLAS PRIMM, in his
Official capacity as an elected Judge in
Jackson County, Georgia;
HON. VICTOR REYNOLDS, in his
Official capacity as an elected Judge
in Cobb County, Georgia;
CHRISTOPHER CARR, in his
Official capacity as Attorney
General of the State of Georgia,

    Defendants

CIVIL ACTION FILE
NO.

## **VERIFICATION**

COMES NOW, Plaintiff, Robert Murray, and swears and affirms that he has reviewed the Complaint for Injunctive and Declaratory Relief and the information contained therein is true and correct to the best of his ability.

This 23rd day of September, 2024

_____
Robert Murray

Sworn and subscribed before me
this 23rd day of September, 2024.

_____
Notary Public