IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BRITTAIN L. BROOKS and ROBERT MURRAY, | : |
| | : |
| Plaintiffs, | : Civil Action Claim No:1:24-CV-04338-RWS |
| | : |
| vs. | : |
| | : |
| LINDSEY R. BROOKS, ALICE SMITH, WILLIAM GENTRY, HON. P. NICHOLAS PRIMM, HON. D. VICTORY REYNOLDS, and CHRISTOPHER CARR, | : |
| | : |
| Defendants. | : |

## MOTION FOR SANCTIONS

COME NOW, Alice Smith and William Gentry (hereinafter "Defendants"), and pursuant to Federal Rule of Civil Procedure 11(b) and (c), submits their Motion for Sanctions, showing the Court as follows:

### I.   INTRODUCTION

Plaintiffs' Complaint was filed September 26, 2024, making sweeping legal conclusions, devoid of any factual allegation of wrongdoing by these Defendants, with the sole purpose of evading payment of a judgment entered against Plaintiffs for attorney's fees. Specifically, Defendant Gentry is owed $100,000 from Plaintiff

Robert Murray for the attorney's fees incurred by Defendant Smith over the course of child custody litigation between Murray and Smith. Plaintiffs, through counsel, are seeking to harass Defendant Smith, cause unnecessary delay for Defendant Gentry to collect attorney's fees owed to him, and are needlessly increasing the cost of litigation by filing the Complaint for this action.

Further, the Complaint fails to state a claim against Defendants Smith or Gentry due to frivolous arguments and lack of factual support. Plaintiffs' Complaint specifically requests an injunction against Defendants Smith and Gentry from enforcing a judgment granting $100,000 in attorney's fees without pleading a cause of action or factual support of wrongdoing by these Defendants. Plaintiffs' Complaint therefore lacks legal foundation and factual support, and this Court should grant Defendants' Motion for Sanctions. Defendants served this Motion for Sanctions upon Plaintiffs' counsel on January 6, 2025. Because Plaintiffs have not amended their Complaint in the 21 days since service of this Motion, in adherence to Federal Rules of Civil Procedure 5, 11(b), and 11(c), Defendants request this Court grant its Motion for Sanctions.

## II.     ARGUMENT AND CITATION TO AUTHORITY

Sanctions are appropriate if an attorney presents a pleading, like a Complaint that is (1) presented for an improper purpose, like to harass, cause unnecessary delay,

or needlessly increase the cost of litigation; (2) the claims are not warranted by existing law or by a frivolous argument for modifying existing law; and (3) the factual contentions have a lack of evidentiary support or will not likely have evidentiary support after further investigation or discovery. Fed. R. Civ. P. 11(b) & (c).

Here, Plaintiffs' Complaint is an attempt to delay payment of attorney's fees to Defendant Gentry, harass Defendant Smith, and increase the cost of litigation. That is evident by the Complaint. Plaintiffs' Complaint details a contentious joint legal and physical custody case spanning five years between Plaintiff Murray and Defendant Smith, resulting in a court order requiring Plaintiff Murray to pay $100,000 of legal fees incurred by Defendant Smith for Defendant Gentry's representation.

Plaintiffs' Complaint also details the number of attempts Plaintiff Murray has made to avoid paying the $100,000 he owes. This action is nothing more than a proverbial "hail Mary" by Plaintiffs to delay and evade a judicial order for paying attorney's fees to Defendants, while continuing to increase the cost of litigation for Defendants.

Further, Plaintiffs' claims are not supported by existing law: the Complaint seeks injunction against these Defendants from enforcing a judicial order for

payment of attorney's fees without stating a claim of any wrongdoing by these Defendants, nor provides factual allegations in support of any assertions of wrongdoing by these Defendants. This is a violation of Rule 8 of the Federal Rules of Civil Procedure. It is also well-settled law that injunctions are a remedy and are not alone a cause of action. *Espinoza v. Countrywide Home Loans Servicing, L.P.*, 2014 U.S. Dist. LEXIS 107263 (S.D. Fla. 2014), aff'd sub nom. *Espinoza v. Countrywide Home Loans Servicing*, LP, 708 F. App'x 625 (11th Cir. 2017); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005). The legal conclusions and arguments made by Plaintiffs' Complaint are a feeble attempt to nullify O.C.G.A. § 19-9-3(g) while targeting Defendants Smith and Gentry.

Finally, Plaintiffs' Complaint lacks factual allegations of wrongdoing against these Defendants and there is no possibility that Plaintiffs will have any evidentiary support of any wrongdoing by these Defendants. Not only have no factual allegations of wrongdoing by these Defendants been alleged, but none exist. This is an additional violation of Rule 11, because it means Plaintiffs' Complaint is an insufficient, frivolous pleading. (Defendants incorporate their arguments presented by their Motion to Dismiss to further illustrate the insufficiency and frivolousness of Plaintiffs' Complaint.)

Therefore, the Court should use its full authority to grant Defendants' motion for sanctions against Plaintiffs for filing this Complaint against Defendants Smith and Gentry because this Complaint, on its face, violates Rule 11(b) of the Federal Rules of Civil Procedure.

### III.   CONCLUSION

Due to Plaintiffs' pleading violating Rule 11(b), this Court should GRANT Defendants' Motion for Sanctions against Plaintiffs.

Respectfully submitted this 28th day of January, 2025.

SUTTON LAW GROUP, LLC

Darrell L. Sutton
Ga. Bar No.: 693484

Ellen K. Begley
Ga. Bar No.: 821036

351 Washington Avenue, Suite 300
Marietta, Georgia 30060
(678) 529-6180
dls@sutton-law-group.com
ekb@sutton-law-group.com

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify the following was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1C. I hereby certify that I have electronically served the *Motion for Sanctions* upon all counsel of record as follows:

Rebecca W. McLaws, Esq.
McLaws Law Group, LLC
3745 Cherokee Street, Suite 205
Kennesaw, Georgia 30144
rebecca@mclawsgroup.com

Thomas A. Camp, Esq.
Thomas A. Camp, P.C.
1071-C Founder's Boulevard
Athens, Georgia 30606
tcamp@tomcamp.com

Christopher M. Carr, Esq.
Bryan K. Webb, Esq.
Mark J. Cicero, Esq.
Bailee Lindeborg, Esq.
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
bwebb@law.ga.gov
mcicero@law.ga.gov
blindeborg@law.ga.gov

This 28th day of January, 2025.

Darrell L. Sutton